UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

v.

MATTHEW PIERCE,

              Defendant,

and

RAYMOND JAMES FINANCIAL
SERVICES, INC.,

              Garnishee.

_____/

Case No. 2:16-mc-51572

HONORABLE STEPHEN J. MURPHY, III

## ORDER ADOPTING REPORT AND RECOMMENDATION [38]

The Court appointed Mr. Dan Sharkey as a special master to determine the potential tax consequences of Defendant's retirement funds being returned to Garnishee Raymond James Financial Services. ECF 35, PgID 199–200. Mr. Sharkey's Report and Recommendation ("Report") detailed the long history of the present case. ECF 38, PgID 214–19. And the Report recommended that the Court issue "an order that would give Defendant the opportunity to effectively reverse the effects of the previous transfer that resulted in [a] tax penalty." *Id.* at 219.

As the Report explained, there are four available options that could reverse the tax penalty. *Id.* at 220, 224. But only three options are available to Defendant. *Id.* The first available option is known as the "private letter ruling[.]" *Id.* at 220. Under

1

this option, Defendant would essentially ask the IRS Secretary to waive the tax penalty. *Id.* at 220–22. The second available option is known as "self-certification[.]" *Id.* at 222. This option would essentially allow Defendant to return the money back into his IRA without going through the IRS. *Id.* at 223. But the self-certification option would first require Defendant to pay an outstanding $488,708.33 restitution bill to Medicare. *Id.* The Report recommended that the Court allow Defendant to pursue the self-certification only if Defendant has the finances to pay the outstanding restitution bill. *Id.* at 223–24. And the third available option is for Defendant to challenge the penalty in Tax Court. *Id.* at 224.

At bottom, the Report recommended that the Court take the following steps. First, the Court should enter "an order giving Defendant 30 days to advise the Court in writing whether he is financially able to make full restitution and prefers the [s]elf-[c]ertification [o]ption." *Id.* at 224. If Defendant explains that he has the finances to pay the restitution, then the Court would order Defendant to pay the restitution amount to the Clerk of the Court, who would then forward the amount to Medicare, and the Clerk of the Court would in turn return the garnished funds to Defendant's Raymond James account. *Id.* at 225. After that, Defendant may pursue the self-certification option. *Id.*

If, however, Defendant cannot pay the restitution, then the Report recommended that the Court enter an order requiring the Clerk of the Court to release the garnished funds to Medicare and allow Defendant to pursue a private

letter ruling with the IRS Secretary or take his case to the United States Tax Court. *Id.*

The parties did not object to the Report. *See* Fed. R. Civ. P. 53(f)(2). The Report is well reasoned and supported by the record and the applicable law. *See* Fed. R. Civ. P. 53(f)(3)–(4). The Court agrees with Mr. Sharkey's recommendations, and further adopts the reasoning laid out in the Report to support the Court's rulings.

The Court will therefore order Defendant to notify the Court in writing whether he can pay the full restitution amount to Medicare, and if so, whether he will prefer the self-certification option. After Defendant responds, the Court will issue a follow-up order.

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation [38] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant must **NOTIFY** the Court in writing no later than **May 10, 2021**, whether he can pay the full restitution amount to Medicare, and if so, whether he will prefer the self-certification option.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 8, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 8, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

3